IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEROY TOWNSEND,** | : CIVIL ACTION NO. 1:25-CV-1013 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN GARZA,** | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Leroy Townsend, challenges a disciplinary sanction imposed by the United States Bureau of Prisons ("BOP") that resulted in the loss of good time credit. The petition will be dismissed for Townsend's failure to exhaust administrative remedies.

I.   **Factual Background & Procedural History**

Townsend is serving a 120-month criminal sentence imposed by the United States District Court for the Eastern District of Pennsylvania. (Doc. 10-2 at 2). He is housed in Canaan United States Penitentiary ("USP-Canaan"). Townsend's petition challenges a disciplinary sanction imposed for an incident in which he was found to be involved in smuggling drugs into the prison when he was previously housed in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). (Id.) Respondent responded to the petition on July 16, 2025, arguing that Townsend failed to exhaust administrative remedies and that his claim otherwise fails on its merits. (Doc. 10). Townsend filed a reply brief in support of his petition on August 5, 2025, making the petition ripe for review. (Doc. 11).

## II. Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Townsend's petition should be dismissed for failure to exhaust administrative remedies because his appeal to the BOP's regional director was rejected on procedural grounds, and he did not subsequently complete the appeals process to the central office. (Doc. 10 at 7-9). Respondent provides evidence of Townsend's failure to successfully appeal his administrative remedy requests. (Docs. 10-3, 10-9). Townsend does not refute this evidence in his reply brief, but he argues that the administrative remedy process was unavailable because BOP officials "enacted [a] policy of 'Deny, Deny, Discourage, and Deny.'" (Doc. 11 at 2). This argument is meritless. The administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." Williams, 2024 WL 4204277, at *2 (quoting Ross v. Martinez, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009))).[1] The petition will accordingly be dismissed for failure to exhaust administrative remedies because Townsend has not completed the BOP's administrative remedy process and no exceptions to the exhaustion requirement apply.

---

[1] Townsend also vaguely asserts that "the bureau's withholding of a response, 'loss' of a filing or gamesmanship in using the U.S. Mails and violating their own policy in the handling of legal mail to prevent filers such as petitioner from meeting prescribed deadlines would effectively strip all inmates the ability to have recourse in the face of the blatant violation and misapplication of the bureau's own policy," (Doc. 11 at 3), but he does not allege that BOP officials actually took any of these actions against him in this case. To the extent this is meant as a separate argument that the administrative remedy process was unavailable, it is forfeited because Townsend has not included sufficient factual detail in his petition or brief to support the argument.

### III.  Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ K<small>ELI</small> M. N<small>EARY</small>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    November 14, 2025

4